IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | : | |
| v. | : | Civil No. JKB-13-3778 |
| **$122,640.00 in U.S. CURRENCY,** | : | |
| Defendant. | : | |

: : : : : : :

### GOVERNMENT'S MOTION FOR ORDER DIRECTING EXPERIAN AND EQUIFAX TO RELEASE CREDIT REPORTS

The United States of America, through its undersigned counsel, Rod J. Rosenstein, United States Attorney, and Stefan D. Cassella, Assistant United States Attorney, requests that the Court order the credit reporting companies Experian and Equifax, to release credit reports for Samantha Banks to the United States Attorney's Office for the District of Maryland to use in a civil investigation. In support of its motion, the United States submits the following:

1. This is a civil forfeiture action against $122,640 in U.S. Currency that was seized from a traveler at BWI Airport when the currency was found concealed in vacuum-sealed bags in the traveler's carry-on luggage at the TSA checkpoint.

2. The Government filed the instant civil complaint on December 13, 2013 and Claimant filed a timely claim and answer.

3. Following a conference call with the court on April 22, 2014, the court issued a scheduling order. (ECF 9). Among other things, the Order set a discovery deadline of August

21, 2014, which has since been extended to September 4, 2014. In addition, the court has referred the matter to Magistrate Judge Susan Gauvey for a settlement conference which is set for September 9, 2014. (ECF 10).

4. The parties are currently engaging in discovery. On or about May 5, 2014, the Government sent civil subpoenas to the credit reporting agencies: TransUnion, Experian and Equifax. TransUnion responded to the subpoena with the requested records, but the Government received letters from Experian and Equifax stating that they were unable to comply with the Government's request without a court order under the Fair Credit Reporting Act. (Exhibit A).

5. The Government needs these credit reports to determine the credibility of the claimant's assertion that the $122,620 in seized funds represented her life savings accumulated over nine years and was not money involved in an illegal drug transaction. Among other things, credit reports indicate what bank accounts individuals have held, whether they have made any bankruptcy filings, whether they have been the subject of collection actions or civil judgments, and whether they have made any applications for credit that would reveal the existence *vel non* of assets. For example, in its response to the subpoena, TransUnion indicated that Claimant Samantha Banks has been the subject of numerous defaults and collection actions, belying her claim to have been in possession of over $122,000 in legitimate assets in the months and years preceding the seizure at BWI.

6. There is no practical alternative means of obtaining the needed information. In particular, the Government cannot rely on the Claimant to provide the information it requires to test the credibility of her claim. For example, when asked directly to identify each occasion when she had applied for a loan or mortgage, Claimant said that providing a response would be

"unduly burdensome" and merely referred the Government to the TransUnion credit report. The full question and answer reads as follows:

**Interrogatory No. 9:**

Identify each occasion in the past fie yesars in wh you hae applied for a loan or mortage, or for any form of Government assistance, rent subsidy, or other benefit intended for persons of low income. In each case, name the lender or Government agency, and identify all documents you submitted indicating yoiur income and/or available assets.

**Answer:**

Claimant objects to this Interrogatory on the ground that compliance would be unduly burdensome because the requested information is already in Plaintiff's possession. Without waiving the foregoing objection, Claimant would advise that she applied for and obtained a loan for her automobile that was repossessed due to the seizure. Regarding the details of said automobile loan, Claimant would refer to the TransUnion credit report that Plaintiff obtained via subpoena in this matter. Claimant would further advise that she cannot presently locate the documents relating to said loan. Claimant also applied for and obtained unemployment benefits at some point in 2012. Claimant would advise that she cannot presently locate the documents relating to said benefits. Claimant does not presently recall any occasions not listed herein that are responsive to this Interrogatory. Claimant reserves the right to supplement this Answer in a reasonable manner.

Claimant's response to General Interrogatory No. 9.

7. Given Claimant's reluctance to be forthcoming about her credit history, her own reference to the credit reports as the source of the information the Government requires, and the critical importance of that information to testing the credibility of her claim, the Government needs to obtain the most complete information that it can obtain from the credit reporting agencies. Credit reports themselves do not contain loan applications, payment histories, lists of assets or any of the other information crucial to determining what assets a person may or may not have possessed at a particular time in the past. They do, however, provide information that can lead to the issuance of additional discovery requests.

8. The Government will not disclose the credit reports to anyone other than claimant's counsel, and will use them only in connection with litigation in this case.

WHEREFORE, the United States respectfully requests that the Court grant the attached Orders directing Experian and Equifax to comply with the subpoena so that it may ascertain the most complete picture possible of Claimant's financial status prior to the seizure of the $122,640 at BWI airport on September 12, 2013.
.

Date: July 31, 2014

                Respectfully submitted,

                Rod J. Rosenstein
                United States Attorney


                    /s/
                Stefan D. Cassella
                Assistant United States Attorney
                36 S. Charles Street
                Fourth Floor
                Baltimore, Maryland 21201
                Telephone (410) 209-4800