UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA,

        Plaintiff,

     - against –

$122,640.00 in U.S. Currency,

        Defendant.

Civil No. 13-cv-03778-JKB

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION TO QUASH
AND FOR OTHER RELIEF

     The United States of America, by its counsel, respectfully requests that the court grant additional time to respond to Claimant's Motion to Quash the Notice of Deposition of Ted Cox, and for such additional relief as is necessary in light of Claimant's motion.   In support of its motion, the Government says the following.

     As the court and Claimant's counsel are aware, the undersigned counsel for the Government is on extended leave from the Office of the U.S. Attorney to care for a family member who is seriously ill.   For that reason, the court has previously granted the Government's request to extend the discovery deadline to September 4, 2014 and to extend the deadline for responding to Claimant's Motion to Dismiss to the same date.

     In an effort to ensure that discovery would be completed promptly once he returns to Baltimore, Government counsel instructed his staff to schedule depositions with three witnesses, Samantha Banks, Jerry Lee Banks, and Ted Cox, for a series of dates in late August and early September.   In particular, counsel instructed his staff to contact both Mr. Cox, who resides in

1

South Dakota, and Claimant's counsel to determine what date would be mutually convenient for them.   In response, Claimant has filed a motion to quash the deposition of Cox and has sent an email to the Government's paralegal, Jennifer Stubbs, directing her not to contact his witness. (Exhibit A).

Claimant's motion to quash, raising *Daubert* issues that have no application to this case, requires a well-prepared response which it is not possible for counsel to prepare at this time. Moreover, Claimant suggests, rather surprisingly, that Mr. Cox's testimony has no relevance to the issues that Claimant raised in her motion to dismiss.   The Government intends to respond at length on this point, but stated briefly, it is frankly incredible for Claimant to raise serious accusations of misconduct by the MTAP canine unit in a motion to dismiss a civil forfeiture complaint and then resist all efforts to learn the relevant facts of the matter from the witness who, according to the Claimant, was intimately involved in the supervision of the unit and its training of the canine used in this investigation.

Apparently, Claimant has some fear that once the facts are known, the accusations underlying her motion to dismiss will be revealed as spurious.

Be that as it may, the Government respectfully requests, for the reasons previously given, that the time to respond to the Motion to Quash be extended until September 4, 2014. Furthermore, because the motion will not be resolved until that date or thereafter, it will not be possible to complete the deposition of Mr. Cox until sometime after the present discovery deadline and the deadline for responding to Claimant's Motion to Dismiss.   As Mr. Cox may turn out to be

a critical witness with respect to the accusations alleged in Claimant's motion, the Government should not be required to respond to the motion until it has the opportunity to depose Mr. Cox.

For these reasons, the Government respectfully requests that the discovery deadline and the deadline for responding to the Motion to Dismiss each be extended for another 30 days.   Doing so should allow sufficient time for the court to resolve the motion to quash, for the parties to complete the deposition of Mr. Cox if the court should deny the motion, and for the Government to prepare its response to the Motion to Dismiss.

Counsel makes this request reluctantly, sharing the desire of the court to have this matter resolved expeditiously.    But Claimant's persistence in pursuing a scorched Earth strategy while Government counsel is unavoidably indisposed makes this request necessary.

Finally, the Government respectfully requests that the court remind Claimant's counsel that he has no right to bar the Government from interviewing any witness.   Claimant's counsel represents the Claimant, and he therefore has the right to insist that there be no communication with Claimant without his permission.   But he does not represent anyone else in this matter.   In particular, he does not represent Ted Cox.   Indeed, his email to the Government's paralegal instructing her not to contact his witness borders on obstruction that is sanctionable by the court.

WHEREFORE, for all of these reasons, the Government asks that 1) the deadline for responding to the Motion to Quash be extended to September 4, 2014; 2) the discovery deadline and the deadline for responding to the Motion to Dismiss be extended to October 4, 2014; and 3) the court instruct Claimant's counsel that he may not obstruct the Government's attempt to interview Ted Cox or any other non-party witness in this matter.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney


By:_____/s/_____
        Stefan D. Cassella
        Assistant United States Attorney
        36 South Charles Street
        Fourth Floor
        Baltimore, Maryland 21201
        (410) 209-4800