# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. JKB-13-3778 |
| $122,640 in U.S. Currency, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## RESPONSE TO GOVERNMENT'S
## MOTION FOR EXTENSION OF TIME

Claimant Samantha Banks, by and through counsel, C. Justin Brown, hereby responds to the Government's Motion for Extension of Time to Respond to Motion to Quash and for Other Relief. In support of this response, Claimant states the following:

**a. Request for extension of time**

As a fundamental matter, undersigned counsel sympathizes with Mr. Cassella's personal situation, and wishes to be reasonably accommodating. This interest, however, must be weighed against three considerations. First, the Claimant, Samantha Banks, has an understandable and justified desire to resolve this case as quickly as possible. Ms. Banks had her entire life savings seized by the Government. This has caused her great hardship: her car was repossessed; she was forced to move into one of the buildings she manages; her business has ground to a halt; and she was not able to pay for her son to go to college. She very much wants to proceed expeditiously with this case.

Second, this is the Government's third request for an extension of time. As this Court is well aware, there are dozens of lawyers in the U.S. Attorney's Office who are

more than capable of supporting this case. In fact, from counsel's experience, that is the normal course of action in a situation such as this. While counsel is aware that another AUSA was previously working on the case, it now appears that Mr. Cassella is the only attorney staffing the case on behalf of the Government.

Third, Claimant's Motion to Quash is a simple motion, and a response should not involve extensive work. This is the type of matter that can be resolved without undue delay. If undersigned counsel, a solo practitioner with a first-year associate, is able to draft motions and respond to motions in a timely manner – while balancing a heavy caseload – certainly the United States Attorney's Office can do the same.

### b. Why the deposition is not discoverable

In its Motion, the Government seems to have misconstrued Claimant's argument. In the Motion to Quash, Claimant argued that, without an expert witness, under *Daubert*, the Government cannot possibly put on K-9 evidence. Thus, the testimony of Claimant's K-9 expert, Ted Cox, is irrelevant. This argument is based on a fundamental tenet of discovery: that parties may obtain discovery regarding information that "appears reasonably calculated to lead to the discovery of admissible evidence." Federal Rule of Civil Procedure 26(b). If the Government cannot put on K-9 evidence, nothing Ted Cox has to say can possibly be admissible at trial. To depose him under these circumstances would be a waste of resources.[1]

### c. Cox has no role in the fabricated K-9 certificate

The Government argues that Cox may be a "critical witness" with respect to allegations made in Claimant's Motion to Dismiss, and therefore he may be deposed.

---

[1] The location of the proposed deposition is approximately a ten-hour roundtrip drive from Cox's residence.

Putting aside the argument above that nothing Cox can say is admissible at trial, the Government surely is aware that Cox left the Maryland Transportation Authority Police (MTAP) K-9 unit, and immediately moved to South Dakota, in October of 2012. The seizure in this case took place September 12, 2013, nearly a year after Cox left MTAP. The backdated narcotics certificate that is the subject of the Motion to Dismiss, moreover, was generated in the Spring of 2014, according to Sr. Officer John McCarty, the person who made the certificate on his home computer.

The Government should know this because the Government has already extensively interviewed Cox with respect to matters relating to this case. A paralegal for the U.S. Attorney's Office called Cox in May or June of 2014 and had a full discussion with him about his knowledge of the MTAP K-9 unit. This occurred prior to Claimant naming Cox as an expert witness. It is unfounded for the Government to now allege that Claimant is somehow trying to hide facts. Rather, Claimant is trying to play by the rules.

   d. *Ex parte* **contact with expert witness**

The Government has taken issue with Claimant's request that it not initiate *ex parte* contact with Claimant's expert, Ted Cox. When counsel learned that AUSA Stefan Cassella had instructed his paralegal, Jennifer Stubbs, to contact Cox *ex parte*, and she did so, counsel immediately sent an email to Stubbs requesting that she refrain from future contact. Now, the Government asks the Court to "remind Claimant's counsel that he has no right to bar the Government from interviewing any witness." The Government, furthermore, alleges that undersigned counsel's request that the Government cease *ex parte* communications with the expert "borders on obstruction that is sanctionable by the court." The Government is simply misinformed about this issue.

3

It is standard practice in civil litigation that one party does not directly contact the other party's expert. Although there is no explicit prohibition of this contact stated in the Federal Rules of Civil Procedure, such conduct is widely construed to be a violation of Rule 26(b)(4). *See* Formal Opinion 93-378, American Bar Association Committee on Ethics and Professional Responsibility, "*Ex Parte* Contacts with Expert Witnesses." Numerous courts have issued consistent opinions on the subject, including this Court in *Sewell v. Md. Dep't of Transp.*, 206 F.D.R. 545, 547 (D. Md. 2002). In *Sewell* the Court found *ex parte* communications with the opposing party's expert to be a violation of Rule 26(b)(4) and stated that "[n]one of us – judges or lawyers – is free to disregard the Rules of Procedure when we are agitated by events occurring during litigation." *Id*. at 547. *See also Young v. Ca. Transp., Inc*. 2010 U.S. Dist. LEXIS 22332 at *12 (S.D. Miss. Mar 10, 2010) ([Federal Rule 26(b)(4)(B)] makes no provision for *ex parte* communication with a party's expert witness by the opposing party."); *Carlson v. Monaco Coach Corp.*, 2006 U.S. Dist. LEXIS 21464 at *10 (E.D. Cal. Apr. 20, 2006) ("The careful scheduling of experts' disclosures by the district court would be for naught if the parties could back door these provisions with informal contacts of an adversary's experts.").

While counsel does not think that the Government's contact with Cox rises to the level discussed in *Sewell*, counsel takes exception to the Government's allegations that there was anything improper in requesting that the Government cease its *ex parte* conduct.

### III. CONCLUSION

For the reasons described above, Claimant Samantha Banks respectfully requests that this Court deny the Government's Motion.

Respectfully submitted,

_____/s/_____

C. Justin Brown
THE LAW OFFICE OF C. JUSTIN BROWN
231 E. Baltimore St., Suite 1102
Baltimore, MD 21202
Tel: 410-244-5444

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of August, 2014, a copy of the foregoing Motion was sent to each of the parties via CM/ECF.

_____/s/_____
C. Justin Brown