**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO.  JKB-13-3778 |
| $122,640.00 IN U.S. CURRENCY, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM  AND  ORDER

Pending before the Court is Claimant Samantha Banks's motion to quash subpoena. (ECF No. 16.)  The motion has been briefed (ECF Nos. 26, 27), and no hearing is required, Local Rule 105.6 (D. Md. 2014).  The motion will be denied but the subpoena will be modified.

The subpoena at issue is addressed to Ted Cox and directs him to appear at a deposition in Baltimore, Maryland, at the U.S. Attorney's Office.  Banks has objected to the subpoena as "irrelevant and unduly burdensome." (Mot. 1.)  The argument back and forth between the parties gets into all manner of evidentiary issues that are beyond the pale for consideration of the instant motion.  Banks argues that, because she designated Ted Cox as her expert related to K-9 dog alerts on cash contaminated by narcotics, and because the Government withdrew its expert designation for a canine handler and did not name a substitute expert, the Government, therefore, will be unable to present expert testimony at trial and, consequently, no justification exists for deposing Cox.  She further gets into the applicability of the procedure for deciding whether to admit expert testimony pursuant to *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). Whether and what testimony should be admitted at trial is not determinative of whether the Government should be allowed to depose Cox.  The point is whether Cox's information is

relevant to the case.  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

Banks's argument to quash the subpoena seems premised on the notion that Cox should *only* be regarded as Banks's expert.  However, it is well established by the parties' evidence on this motion that Cox is also a material fact witness.  He was employed as a K-9 trainer from 2007 to 2012 in, and apparently beginning by at least April 2009 the director of, the K-9 unit in the very agency that provided the K-9 dog named Falco that alerted in the seizure of the cash Banks has claimed as her own.  (Cox Résumé, Claimant's Reply, Ex. 4, ECF No. 27-4; Md. Trans. Auth. Police Special Report ("Special Report"), June 10, 2014, Pl.'s Opp'n, Ex. 2, ECF No. 26-2.)  Not only that, but he personally oversaw the Falco team's training and certification.  (Special Report.)  As a result, Banks cannot shield Cox from being deposed by naming him as her expert.

To the extent Cox acquired facts and information and formed his opinions about the subject matter of this case before he was retained as an expert, he is a fact witness and subject to deposition just the same as any other fact witness.  *See* Fed. R. Civ. P. 26(b)(4), 1970 Advisory Committee Note ("It should be noted that the subdivision [setting limits in certain circumstances on discovery addressed to expert witnesses] does not address itself to the expert whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit.  Such an expert should be treated as an ordinary witness.").  *See also* 8A Charles Alan Wright, Arthur R. Miller, Richard L. Marcus, *Federal Practice & Procedure* § 2033 (3d ed. 2010) (noting that, despite rewording of Rule 26 in 1993, Advisory Committee gave no indication that its 1970 comment was no longer valid; "The basic point is a central one in American litigation—the law has a right to every person's evidence whether the person is an 'expert' or not."); *Metris U.S.A.,*

*Inc. v. Faro Techs., Inc.*, Civ. No. 09-1719-JLK-MEH, 2009 WL 2916811, at *3 (D. Colo. Sept.

8, 2009) (denying motion to quash subpoena for expert, who, though retained as non-testifying

expert, possessed information not acquired in preparation for trial; his facts and opinions were

"'freely discoverable as with any ordinary witness'" (citation omitted)).   *Accord Barkwell v.*

*Sturm Ruger Co., Inc.*, 79 F.R.D. 444, 446 (D. Alaska 1978); *Harasimowicz v. McAllister*, 78

F.R.D. 319, 320 (E.D. Pa. 1978); *Norfin, Inc. v. Int'l Bus. Machs.*, 74 F.R.D. 529, 532 (D. Colo.

1977).

 The Court concludes that the Government sought to depose Cox for a proper reason.

However, the subpoena is defective under Federal Rule of Civil Procedure 45(c)(1), which

describes the permissible place of compliance for a subpoena:

> For a Trial, Hearing, or Deposition.  A subpoena may command a person to attend
> a trial, hearing, or deposition only as follows:
>> (A) within 100 miles of where the person resides, is employed, or
>> regularly transacts business in person; or
>> (B) within the state where the person resides, is employed, or regularly
>> transacts business in person, if the person
>>> (i) is a party or a party's officer; or
>>> (ii) is commanded to attend a trial and would not incur substantial
>>> expense.

Further, Rule 45(d)(3)(A)(ii) requires "the court for the district where compliance is required [to]

quash or modify a subpoena that requires a person to comply beyond the geographical limits

specified in Rule 45(c)."  Cox's résumé indicates he resides in Hermosa, South Dakota.  It is

unknown where (or if) he is employed or where he "regularly transacts business in person."  In

any event, Baltimore, Maryland, is not a permissible place of compliance for a deposition

subpoena to him.[1]  Thus, the Court will modify the subpoena so that it complies with Rule 45.

The Court finds no merit in Banks's alternative complaint that it would be an undue burden for

---

[1] According to the motion, Government counsel offered to travel to South Dakota to depose Cox there.
(Claimant's Mot. 6.)

her counsel to attend, remotely or otherwise, Cox's deposition in South Dakota.  (*See* Claimant's Mot. 6.)

As a final point, it has not escaped the Court's notice that Banks's counsel has freely argued in the papers on the motion to quash that the Government attorneys misled him about a "fake narcotics certificate" (Claimant's Reply 2-3), which the Government has denied.  This relates directly to the pending motion by Banks to dismiss the forfeiture case (ECF No. 13), which is not yet ripe for disposition.  Questioning opposing counsel's integrity is a serious matter.  Such accusations certainly should not be made lightly, *i.e.*, without substantial underlying evidence.  The Court cautions both counsel to be circumspect in their manner of argument in keeping with their professional responsibilities as members of this Court's bar.

Accordingly, it is hereby ORDERED that Banks's motion to quash the subpoena for Ted Cox is DENIED.  It is further ORDERED that the subpoena is MODIFIED to require that the deposition of Ted Cox shall be taken in the offices of the United States Attorney for the District of South Dakota in Rapid City, South Dakota, or at another suitable place mutually agreed upon, at a date and time to be determined by Government counsel in consultation with Claimant's counsel.  The Government may contact Cox directly for the purpose of making arrangements for the deposition, but may not ask Cox, outside of the deposition, about facts, information, or opinions acquired after retention by Claimant as her expert.

DATED this 8th day of October, 2014.

BY THE COURT:


_____/s/_____
James K. Bredar
United States District Judge