FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 NOV 21

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-13-3778 |
| $122,640.00 IN U.S. CURRENCY, | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

The Court has before it Plaintiff's Motion to Set Briefing and Discovery Schedule. (ECF No. 40.) Plaintiff seeks (1) an extension for Claimant Samantha Banks to respond to Plaintiff's motion for summary judgment, (2) leave to file a surreply to Claimant's reply on her motion to dismiss, (3) an extension of the discovery deadline until after the Court has ruled on the two pending dispositive motions (Claimant's motion to dismiss (ECF No. 13) and Plaintiff's motion for summary judgment (ECF No. 34)), and (4) a limitation on discovery in the interim to service of subpoenas *duces tecum*. Claimant has responded to the motion by clarifying that she is not seeking an extension of time to respond to Plaintiff's motion for summary judgment and that she does not have any outstanding discovery matters. (ECF No. 42.) Otherwise, she has not taken a position on the motion.

The Court will deny the motion. Because Claimant does not seek an extension to file her opposition to the summary-judgment motion, none will be granted. The Court will deny without prejudice Plaintiff's request to file a surreply. From the wording of Plaintiff's motion, it seems that Plaintiff had not seen the unfiled reply at the time Plaintiff filed this motion; consequently,

Plaintiff has offered no justification for a surreply, which is permitted usually only when a reply raises new arguments not raised in the original motion. As for the discovery deadline, it expired on October 4, 2014 (ECF Nos. 9, 12, 19), without a request for further extension having been made. If the pending dispositive motions do not resolve the case, then the parties are free to argue that more discovery is needed.[1] Unless and until that need arises, no further discovery will be permitted.

Accordingly, it is hereby ORDERED that Plaintiff's motion to set briefing and discovery schedule (ECF No. 40) is DENIED WITHOUT PREJUDICE to Plaintiff's filing a motion for leave to file a surreply when such motion is supported by good cause and WITHOUT PREJUDICE to filing a motion to reopen discovery if the pending dispositive motions do not resolve this case.

DATED this 21 day of November, 2014.

BY THE COURT:

_James K. Bredar_
James K. Bredar
United States District Judge

---

[1] Because the Court did not rule on Claimant's motion to quash the deposition subpoena for Ted Cox until after the discovery deadline passed (ECF No. 30), Plaintiff may well be able to justify a future request for more discovery.